J-S27035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD TORO, :
:
Appellant : No. 1874 EDA 2017

Appeal from the PCRA Order May 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0123011-1992

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JUNE 15, 2018**

Richard Toro ("Appellant") appeals *pro se* from the dismissal of the Petition for a Writ of *Habeas Corpus*, which the court properly considered a Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §9541-9546. Because Appellant is no longer serving his sentence, he is not eligible for PCRA relief. We, thus, affirm the denial of relief.

On June 26, 1992, after a bench trial, the trial court sentenced Appellant to a term of 3½ to 7 years' incarceration for possession of a controlled substance with intent to deliver. Appellant did not appeal.

On July 27, 2010, Appellant filed the instant *pro se* Petition for a writ of *habeas corpus*, alleging ineffective assistance of trial counsel and an unconstitutional conviction and seeking a vacatur of his 1992 conviction. He filed an amended Petition on December 4, 2015. The court appointed counsel

on January 20, 2017.[1]  Counsel subsequently filed a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and a Motion to Withdraw from Representation.   On April 12, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Without a Hearing, noting, among other things, that Appellant has served his sentence; the Petition, cognizable under the PCRA, is untimely; and Appellant failed to invoke an exception to the timeliness provisions of the PCRA.  On May 12, 2017, the court granted counsel's motion to withdraw and dismissed Appellant's Petition.

Appellant filed a timely Notice of Appeal *pro se*.  On June 27, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement.  Appellant did not comply.[2]  The PCRA court filed a Rule 1925(a) Opinion.

In his "Brief," which fails to comport with the briefing requirements provided in our rules of appellate procedure,[3] Appellant asserts ineffective assistance claims and challenges the voluntariness of his waiver of his right to a jury trial.  This Court has explained:

_____

[1] The record contains no explanation for the lack of trial court action from the filing of the 2010 Petition to the appointment of counsel in 2017.

[2] Appellant's failure to file a Pa.R.A.P. 1925(b) Statement as ordered would result in the waiver of his issues on appeal if Appellant were eligible for PCRA relief.  *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

[3]  *See* Pa.R.A.P. 2111, 2114, 2115, 2116, 2217, 2118, and 2119 (providing details of required contents of briefs).  These defects are substantial and alone provide a reason to dismiss this appeal, as provided in Pa.R.A.P. 2101.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, [ ] 32 A.3d 697 ( [Pa.]2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. [**Commonwealth v.] Fahy**, [737 A.2d 214,] 223–224 [Pa.1999]; **Commonwealth v. Chester**, [ ] 733 A.2d 1242 ([Pa.]1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, 722 A.2d 638 ([Pa.] 1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465–66 (Pa. Super. 2013).

Appellant's claims challenging the effectiveness of counsel's assistance and the constitutionality of his jury waiver are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2). In order to be eligible for PCRA relief, however, a petitioner must be "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). **See also Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) (noting that "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute.").

Here, Appellant acknowledges that his sentence of 3½ to 7 years' incarceration, imposed 26 years ago, has been "fully served." **See** "Writ of *Habeas Corpus*," filed July 23, 2010, at 1-2. Indeed, his sentence expired in 1999, more than 11 years before he filed his Petition seeking PCRA relief.

Accordingly, as the trial court correctly observed, Appellant is not eligible for PCRA relief. Thus, the PCRA court properly dismissed Appellant's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/18